PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 1:13cr170 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CHARMIN REEVES, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** [Regarding ECF No. 34] |

Pending before the Court is Plaintiff's Motion for Reconsideration of the Court's prior Order granting Defendant's Motion to Suppress. ECF No. 34. Defendant opposes the motion. ECF No. 35.

**I.**

After conducting an evidentiary hearing, the Court granted Defendant's motion to suppress statements obtained by law enforcement officers while interrogating her. The Court found that, considering all the facts, Defendant was "in custody" and was entitled to a *Miranda* warning. ECF No. 25 at 7. The Court found credible Defendant's testimony that Special Agent Pearson made threatening statements to her at the onset of the interview. The Court made that finding despite the contrary testimony of two officers, Detective Prince and Inspector Liggett, both of whom were present during Defendant's 2010 interview. Plaintiff did not call Agent Pearson to testify.

(1:13cr170)

Plaintiff now moves for reconsideration of the Court's Order.  It states that the Court's decision to grant Defendant's motion to suppress "revolves around the statements that the Defendant claims that Special Agent Pearson spoke." ECF No. 34 at 4. As such, Plaintiff requests that the Court hold an additional evidentiary hearing to permit Agent Pearson to testify. ECF No. 34 at 4.

**II.**

Rule 59(e) allows district courts to alter, amend, or vacate a prior judgment.  *See Huff v. Metropolitan Life Insur. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).  The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)).  It permits district courts to amend judgments where there is:  "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

The Sixth Circuit has explained that "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard*, 533 F.3d at 475.  *See also Roger Miller Music, Inc. v. Sony/ATV Publ'g*, LLC, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1988).  Indeed, "Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard*, 533 F.3d at 475 (quoting *Sault Ste. Marie Tribe*, 146 F.3d at 374).  *See also United*

(1:13cr170)

States v. Henderson, 488 F.Supp.2d 648, 651 (N.D. Ohio 2007) ("It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue[,]'" quoting McConocha v. Blue Cross & Blue Shield Mut. of Ohio, 930 F.Supp. 1182, 1184 (N.D.Ohio 1996)). The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court. Huff, 675 F.2d at 122; 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (3d ed.).

### III.

Plaintiff moves the Court to reconsider its Order so that it may present additional evidence to support its prior argument—evidence that was known and could have been offered during the initial hearing. There is no dispute that Plaintiff knew the role Agent Pearson played in the interview and does not claim that circumstances prevented it from offering her testimony during the initial hearing.[1] The Court finds that the testimony of Agent Pearson would be redundant and would not provide new evidence. Rather, it would serve to bolster the credibility of the offered testimony the Court did not find persuasive. Because Plaintiff merely seeks to re-argue its case, it has not satisfied the grounds for a Rule 59(e) motion. See Howard, 533 F.3d at 475. Plaintiff's motion is denied.

---

[1] In its motion for reconsideration, Plaintiff explains Agent Pearson was not called because she had retired and was pursuing a nursing degree. ECF No. 34 at 3.

(1:13cr170)

### IV.

For the reasons stated above, the Court denies Plaintiff's Motion for Reconsideration (ECF No. 34).

IT IS SO ORDERED.

| | |
|---|---|
| December 12, 2013 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |